UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENA PIPKIN, personally and as Personal Representative of the ESTATE OF JOSHUA HIGHTOWER; RICHARD HIGHTOWER,<br><br>Plaintiffs,<br><br>v.<br><br>THE BURLINGTON NORTHERN AND SANTE FE RAILROAD COMPANY, a foreign corporation; CREW SHUTTLE SERVICE, INC., a foreign corporation,<br><br>Defendants. | Case No. C04-5591RJB<br><br>ORDER GRANTING MOTION TO INTERVENE |

This matter comes before the Court on Union Pacific Railroad Company's Motion to Intervene. Dkt. 47. The Court has reviewed all documents filed in support of and in opposition to this motion, has reviewed the entire file, and is fully advised.

## I.  BASIC and PROCEDURAL FACTS

According to the First Amended Complaint ("Complaint"), on September 4, 2003, eight year old Joshua Hightower died while playing with a friend at the Rocky Point Rail Yard. Dkt. 27, at 2-3. Rocky Point is owned and maintained by Defendant Burlington Northern and Sante Fe Railroad Company ("Burlington"). *Id.* Joshua was found by his friend's mother, Angela Moore, after her son ran to her for help, telling her Joshua had been hit by a train. Dkt. 48-2, at 1. The Cowlitz County Sheriff's Office Report indicates that a shuttle crew driver saw the

ORDER - 1

children playing around a work train and then saw a Union Pacific Railroad Company ("Union Pacific") train pass going southbound. Dkt. 48-2, at 2. The police report also indicated a that upon examination of the Union Pacific train, the officer saw a "very small dot on the left side of the hand rail, most forward on the lead train that appeared to possibly have a very small blood mark on it." *Id.* at 3. According to Plaintiffs, Plaintiffs and Defendants do not dispute that Joshua's death was caused by being hit by a Union Pacific train. Dkt. 53. Union Pacific offers another explanation as to the cause of Joshua's death, noting tests results dated May 24, 2005, indicate the spot found on its' train to be negative for blood. *Id*. at 6.

Plaintiffs sued Burlington Northern under an attractive nuisance theory, later adding Crew Shuttle Service for failure to warn Joshua of the danger. Dkt. 27. Burlington Northern removed this matter based on diversity jurisdiction. Dkt. 1.

Union Pacific moves to intervene in this matter based on a contract it has with Burlington Northern. Dkt. 47. According to Union Pacific, the contract may require it to defend and/or indemnify Burlington Northern for Joshua's death. *Id.* The contract requires disputes between its signatories be handled by arbitration. *Id.* at 12.

## II. DISCUSSION

### A. INTERVENTION OF RIGHT - Fed. R. Civ. Pro. 24(a)(2)

Fed. R. Civ. Pro. 24(a)(2) governs applications for intervention as a matter of right.

> A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). All of these requirements must be satisfied to support a right to intervene. *Id.* Rule 24 generally receives liberal construction in favor of the party seeking to intervene. *Id.*

Plaintiffs do not dispute the timeliness of Union Pacific's application. Dkt. 53 at 7. Plaintiffs do dispute whether Union Pacific has met the remaining three requirements under Rule 24(a)(2). *Id.*

### 1. SIGNIFICANTLY PROTECTABLE INTEREST

"The requirement of a significantly protectable interest is generally satisfied when 'the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue.'" *Arakaki*, at 1084 *(citing Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir.1993)). In general, an applicant satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant. *Id.*

Union Pacific has significantly protectable interests in this matter. The contract between Union Pacific and Burlington provides that:

> Except as hereinbefore provided each railway company from time to time using the property will assume and pay all loss or damage which its engines, cars or trains may do to the third persons or to property of third persons, and each indemnifies the other against all claims and demands for any loss or damage which it herein agrees itself to bear.
> In case a suit shall be commenced against any company using the property for damages for which another user is ultimately liable, the party sued may give notice to the other party of such suit and thereupon the company so notified shall assume the defense of the suit and save the company sued harmless.

Dkt. 48-3, at 9-10. This language implies that if Joshua's death was caused by Union Pacific's train, Union Pacific may be liable to Burlington for damages as a result of his death. This Court is not here making any rulings regarding interpretation of this contract. In any event, Union Pacific may indeed be held liable to Burlington for damages resulting from Joshua's death or have a duty to defend Burlington. The possibility of this liability and duty to defend are significantly protectable interests in this matter.

### 2. IMPAIRMENT OF INTEREST BASED UPON DISPOSITION OF ACTION

Union Pacific's interest could be impaired based upon the disposition of the action. During arbitration, Burlington may use the fact that in litigation regarding Joshua's death, the parties agreed that Joshua was hit by a Union Pacific train. Although the contract specifically

ORDER - 3

states, "[t]he parties will settle as between themselves any claim for loss or damage according to the terms of this contract notwithstanding any judgment or decree of a court or other tribunal in a proceeding brought by third parties," (Dkt. 48-3, at 11) the impact of a finding of liability and damages premised upon Joshua's death being caused by Union Pacific's train can not be underestimated.

Moreover, Union Pacific expresses valid concern that Burlington may later, during arbitration, argue that Union Pacific is collaterally estopped from disputing the cause of Joshua's death. Under Washington law, which applies in this diversity matter, the doctrine of collateral estopped bars the relitigation of an issue where the party estopped has had a full and fair opportunity to present its case. *Barr v. Day*, 124 Wn.2d 318, 324-25 (1924). The party seeking to apply the doctrine must establish:

> (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding, (2) the earlier proceeding ended in a judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding, and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied.

*Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wash.2d 299, 307 (2004).

The first and third element are disputed in this motion. The cause of Joshua's death is part of the overall landscape of Plaintiffs' claim. A jury could find that being hit by a train is the key to why a rail yard is an attractive nuisance for a small child. Even though collateral estoppel only applies to issues actually litigated, *Id.*, the possibility of this issue being litigated at a later stage in this case cannot be foreclosed.

Plaintiffs argue that collateral estoppel could not be applied against Union Pacific because it is not a party to this action, nor is it in privity with a party to this action. However, an exception to the privity element may well apply to Union Pacific here. Washington law provides an exception to the privity element where a party who was a "witness in an action, fully acquainted with its character and object and interested in its results, is estopped by the judgment as fully as if he had been a party." *Worldwide Video of Washington v. City of Spokane,* 125

ORDER - 4

Wash. App. 289, 306 (2005).  Union Pacific's engineers may well be witnesses to what happened to Joshua.  Moreover, it is fully acquainted with the character of this action and has an interest in its results.  Union Pacific's interests could be impaired based upon the disposition of the action.

### 3.   REPRESENTATION OF UNION PACIFIC'S INTEREST BY PARTIES

Union Pacific's interests will not be adequately represented by the current parties to this action.  The parties to this action are not currently disputing the cause of Joshua's death.  Even though Burlington and Union Pacific may have the same initial objective (to defeat Plaintiffs' claims) if Burlington is found liable, Burlington and Union Pacific's interests would diverge.  Union Pacific interests are tied to the cause of Joshua's death.  If its train was not involved in the accident, it would not be liable to Burlington under the contract.  Burlington, on the other hand, has an incentive to develop evidence that Union Pacific's train hit Joshua in order to be indemnified.  Union Pacific's interest are not being fairly represented by the current parties.

Union Pacific's Motion for Intervention as of Right should be granted.

### B.   PERMISSIVE INTERVENTION - Fed. R. Civ. Pro. 24(b)

"Permissive intervention requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."  *U.S. v. State of Washington*, 86 F.3d 1499, 1507 (9th Cir. 1996).  Union Pacific provides an independent ground for diversity jurisdiction.  Plaintiffs, Dena Pipkin and Richard Hightower, are citizens of Washington State.  Dkts. 27 and 33.  Burlington is a citizen of Delaware and Crew Shuttle Service Inc. are citizens of Idaho. Dkt. 33.  Union Pacific is a citizen of Nebraska. Dkt. 47.  The amount in controversy exceeds $75,000.  The timeliness of the motion is not in dispute.  There is a common question of fact (the cause of Joshua's death) between this action and any action taken under the contract between Union Pacific and Burlington.  The principal guide in deciding whether to grant permissive intervention is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original

parties." Fed. R. Civ. Pro. 24(b). Plaintiffs have made no showing of undue delay. Plaintiffs raise concerns that an issue that likely was not going to be litigated will now be litigated. However, in the interests of justice, and in an effort to fully explore the facts in this case, Union Pacific should be permitted to intervene.

### III. ORDER

Therefore, it is now

**ORDERED** that Union Pacific's Motion to Intervene (Dkt. 47) is **GRANTED.**

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 25th day of July, 2005.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 6