UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENA PIPKIN, personally and as Personal Representative of the ESTATE OF JOSHUA HIGHTOWER; RICHARD HIGHTOWER,<br><br>Plaintiffs,<br><br>v.<br><br>THE BURLINGTON NORTHERN AND SANTA FE RAILROAD COMPANY, a foreign corporation; CREW SHUTTLE SERVICE, INC., a foreign corporation, UNION PACIFIC RAILROAD COMPANY,<br><br>Defendants. | Case No. C04-5591RJB<br><br>ORDER GRANTING MOTION FOR CONTINUANCE of TRIAL DATE |

This matter comes before the Court on Party Intervenor Union Pacific's Motion for Continuance of the Trial and Pretrial Dates. Dkt. 59. The Court has reviewed all documents filed in support of and in opposition to this motion, has reviewed the entire file, and is fully advised.

**I.   BASIC and PROCEDURAL FACTS**

According to the First Amended Complaint ("Complaint"), on September 4, 2003, eight year old Joshua Hightower died while playing with a friend at the Rocky Point Rail Yard. Dkt. 27, at 2-3. Rocky Point is owned and maintained by Defendant Burlington Northern and Santa Fe Railroad Company ("Burlington"). *Id.* Joshua was found by his friend's mother, Angela Moore, after her son ran to her for help, telling her Joshua had been hit by a train. Dkt. 48-2, at

ORDER - 1

1. The Cowlitz County Sheriff's Office Report indicates that a shuttle driver for Crew Shuttle Service, Inc. ("Crew") saw the children playing around a work train and then saw a Union Pacific Railroad Company ("Union Pacific") train pass going southbound. Dkt. 48-2, at 2. The police report indicated a that upon examination of the Union Pacific train, the officer saw a "very small dot on the left side of the hand rail, most forward on the lead train that appeared to possibly have a very small blood mark on it." Dkt. 48-2, at 2. According to Plaintiffs, Plaintiffs and Defendants do not dispute that Joshua's death was caused by being hit by a Union Pacific train. Dkt. 53. Union Pacific offers another explanation as to the cause of Joshua's death, noting tests results dated May 24, 2005, indicate the spot found on its' train to be negative for blood. *Id*. at 6.

Plaintiffs sued Burlington under an attractive nuisance theory, later adding Crew for failure to warn Joshua of the danger. Dkt. 27. Burlington removed this case to this Court based on diversity jurisdiction. Dkt. 1. Union Pacific's motion to intervene as a defendant was granted on July 25, 2005. Dkt. 56. Trial in this matter is set for November 28, 2005. Dkt. 14. Union Pacific now moves to continue the trial date. Dkt. 59.

## II.  DISCUSSION

In determining whether a trial court has abused it's discretion in denying or granting a motion to continue a trial, the Ninth Circuit has set forth four factors: 1) the moving party's diligence prior to the date from which a continuance is sought; 2) whether the continuance would serve a useful purpose, 3) inconvenience to the court, opposing parties, and witnesses, and 4) amount of prejudice suffered by the moving party due to denial of the continuance. *Armant v. Marquez*, 772 F.2d 552, 556 (9th Cir. 1985), cert. denied, 475 U.S. 1099 (1986).

Union Pacific's motion to continue the trial date should be granted. Trial should be reset to January 30, 2006 at 9:30 a.m. Union Pacific has been diligent in it's participation in this case. Although not an original defendant, when Union Pacific determined that there was evidence it's train may not have caused Joshua's death, it timely moved to intervene as a defendant. A continuance until January would serve a useful purpose. It would allow Union Pacific, a party

ORDER - 2

that intervened on July 25, 2005, time to prepare it's defense, while not overly prejudicing Plaintiffs.  The two month delay would not unduly inconvenience the court, opposing parties or witnesses.  If the continuance is not granted, Union Pacific would be prejudiced.  The January 30, 2006 date is appropriate in an effort to strike a balance between Plaintiffs' interest in achieving a timely end to this matter and allowing Union Pacific to adequately defend itself.

In light of the new trial date, certain other pretrial dates should also be reset:

| | |
|---|---|
| Discovery COMPLETED by | November 30, 2005 |
| All dispositive motions must be FILED by | December 8, 2005 |
| Settlement conference per CR 39.1(c)(2) Held no later than | December 12, 2005 |
| Mediation per CR 39.1(c)(3) HELD no later than | December 31, 2005 |
| Letter of compliance as to CR 39.1 FILED by | January 7, 2006 |
| Motions in limine should be FILED by<br>    and NOTED on the motion calendar no later than<br>    the second Friday thereafter. | January 2, 2006 |
| Agreed pretrial order LODGED with the court by | January 13, 2006 |
| Pretrial conference will be HELD at 8:30 on<br>    (COUNSEL SHALL REPORT TO COURTROOM A) | January 20, 2006 |
| Trial briefs, proposed voir dire & jury instructions due | January 20, 2006. |

### III.   ORDER

Therefore, it is now

**ORDERED** that Party Intervenor Union Pacific's Motion for Continuance of the Trial and Pretrial Dates  (Dkt. 59) is **GRANTED as follows:**

| | |
|---|---|
| TEN DAY JURY TRIAL set for 9:30 a.m. on | January 30, 2006 |
| Discovery COMPLETED by | November 30, 2005 |
| All dispositive motions must be FILED by | December 8, 2005 |
| Settlement conference per CR 39.1(c)(2) Held no later than | December 12, 2005 |
| Mediation per CR 39.1(c)(3) HELD no later than | December 31, 2005 |
| Letter of compliance as to CR 39.1 FILED by | January 7, 2006 |

ORDER - 3

| | |
|---|---|
| Motions in limine should be FILED by<br>    and NOTED on the motion calendar no later than<br>    the second Friday thereafter. | January 2, 2006 |
| Agreed pretrial order LODGED with the court by | January 13, 2006 |
| Pretrial conference will be HELD at 8:30 on<br>    (COUNSEL SHALL REPORT TO COURTROOM A) | January 20, 2006 |
| Trial briefs, proposed voir dire & jury instructions due | January 20, 2006. |

Further, parties are **ORDERED** to forthwith meet and confer in order to create a final discovery plan for remaining discovery.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 8th day of September, 2005.

_/s/ Robert J. Bryan_
Robert J. Bryan
United States District Judge

ORDER - 4