UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENA PIPKIN, personally and as Personal Representative of the ESTATE OF JOSHUA HIGHTOWER; RICHARD HIGHTOWER,

Plaintiffs,

v.

THE BURLINGTON NORTHERN AND SANTA FE RAILROAD COMPANY, a foreign corporation; CREW SHUTTLE SERVICE, INC., a foreign corporation,

Defendants,

UNION PACIFIC RAILROAD COMPANY,

Intervenor.

Case No. C04-5591RJB

ORDER GRANTING MOTION FOR PROTECTIVE ORDER

This matter comes before the court on Intervenor Union Pacific's Motion for Protective Order (Dkt. 103), in which defendant BNSF joins (Dkt. 107). The court has reviewed all documents filed in support of and in opposition to this motion and the file herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

According to the First Amended Complaint ("Complaint"), on September 4, 2003, eight year old Joshua Hightower died while playing with a friend at the Rocky Point Rail Yard. Dkt. 27, at 2-3. Rocky Point is owned and maintained by Burlington Northern and Santa Fe Railroad Company (BNSF). *Id.*

ORDER - 1

1    The plaintiffs sued BNSF under an attractive nuisance theory, later adding Crew for

2 failure to warn Joshua of the danger. Dkt. 27. BNSF removed to this court based on diversity

3 jurisdiction. Dkt. 1. Union Pacific moved to intervene (Dkt. 47), and the motion was granted

4 (Dkt. 53).

5    The plaintiffs' Fourth Set of Requests for Production seek documents pertaining to a

6 1909 Trackage Agreement governing BNSF's claim for indemnity in a concurrent arbitration

7 proceeding:

> **REQUEST FOR PRODUCTION A:** Please provide any document pertaining to the governing, interpretation, or understanding of the trackage indemnification agreement between BNSF and UP, including any documents or correspondence between BNSF and UP in cases prior, or similar, to the current incident, and any documents or correspondence where UP took a position similar to its position in the current case.
>
> **REQUEST FOR PRODUCTION B:** Please provide any document pertaining to the governing, interpretation, or understanding of the trackage indemnification agreement between BNSF and UP in the current case, including but not limited to any documents or correspondence between BNSF and UP in the current case indicating or reflecting cooperation, agreement, or mutual understanding or application of the trackage indemnification agreement.

Dkt. 104, Exh. A at 4.

   Counsel for Union Pacific objected to these requests. Dkt. 104, Exh. B. The parties conferred about the objections. After the conference, counsel for Union Pacific again contacted plaintiffs' counsel and asked that the discovery requests be withdrawn. Dkt. 104, Exh. C. Counsel for the plaintiffs did not withdraw the requests, and Union Pacific now moves for a protective order. Dkt. 103. BNSF joins in the motion. Dkt. 107.

## II. DISCUSSION

Federal Rule 26 governs protective orders and provides the following:

> Upon motion by a party . . . accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c).

   Union Pacific contends that the request pertaining to its Trackage Agreement is not

ORDER - 2

relevant. Federal Rule 26(b) provides that litigants "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b). Union Pacific claims that the Trackage Agreement is relevant only to BNSF's claim for indemnity as against Union Pacific. Dkt. 103 at 4. Union Pacific claims that because the jury will not be required to determine whether Union Pacific must indemnify BNSF, the Trackage Agreement is irrelevant to this lawsuit. The plaintiffs contend that this evidence is relevant in two respects.

First, the plaintiffs contend that Union Pacific's intervention puts the meaning and interpretation of the Trackage Agreement at issue. This contention is premised upon the notion that this court will be required to apply the Trackage Agreement. *See, e.g.*, Dkt. 108 at 6 ("Certainly the manner the parties have themselves interpreted this clause is highly relevant to how the words might properly be interpreted and applied by this court in this case."). This case does not require the court to determine whether Union Pacific is required to indemnify BNSF. Therefore, information pertaining to the interpretation and application of the agreement is irrelevant and not discoverable under Federal Rule 26(b).

Second, the plaintiffs contend that the information it seeks will aid in determining how the jury should be instructed about causation and will aid the jury in determining causation. The plaintiffs contend that the jury should be instructed to determine whether a Union Pacific train was a cause, even if not the sole cause, of the accident. The plaintiffs contend that Union Pacific's train may have been a cause of the accident even if the decedent was not actually struck by a Union Pacific train and seek to discover whether Union Pacific and BNSF have previously interpreted the Trackage Agreement to define causation as something less than injury resulting from contact with a train. How BNSF and Union Pacific interpret causation for purposes of the Trackage Agreement does not affect how legal causation should be defined for the jury. The court should therefore grant the motion for a protective order on the grounds that the information sought by Requests for Production A and B in Plaintiffs' Fourth Set of Requests for Production is irrelevant to this case.

### III. ORDER

ORDER - 3

Therefore, it is now

**ORDERED** that Intervenor Union Pacific's Motion for Protective Order (Dkt. 103), in which defendant BNSF joins (Dkt. 107), is **GRANTED**; that discovery regarding the governing, interpretation, or understanding of the Trackage Agreement shall not be had; and that Union Pacific and BNSF shall not be required to respond to Plaintiffs' Fourth set of Requests for Production.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 13th day of October, 2005.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 4