UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENA PIPKIN, personally and as Personal Representative of the ESTATE OF JOSHUA HIGHTOWER; RICHARD HIGHTOWER,<br><br>Plaintiffs,<br><br>v.<br><br>THE BURLINGTON NORTHERN AND SANTA FE RAILROAD COMPANY, a foreign corporation; CREW SHUTTLE SERVICE, INC., a foreign corporation,<br><br>Defendants,<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Intervenor. | Case No.C04-5591RJB<br><br>ORDER DENYING DEFENDANT BNSF'S FIRST MOTION IN LIMINE WITHOUT PREJUDICE |

This matter comes before the court on Defendant BNSF's First Motion in Limine (Dkt. 101). The court has reviewed all documents filed in support of and in opposition to this motion and has reviewed the file herein.

### I. PROCEDURAL AND FACTUAL BACKGROUND

According to the First Amended Complaint ("Complaint"), on September 4, 2003, eight year old Joshua Hightower died while playing with a friend at the Rocky Point Rail Yard. Dkt.

ORDER - 1

27, at 2-3. Rocky Point is owned and maintained by defendant BNSF. *Id.* Joshua was found by his friend's mother, Angela Moore, after her son ran to her for help, telling her Joshua had been hit by a train. Dkt. 48-2, at 1.

Plaintiffs sued BNSF under an attractive nuisance theory, later adding Crew for failure to warn Joshua of the danger. Dkt. 27. BNSF removed this case to this court based on diversity jurisdiction. Dkt. 1. Union Pacific moved to intervene (Dkt. 47), and the motion was granted (Dkt. 53).

In June of 2004, Judy O'Neill, an investigator hired by the plaintiff, conducted videotape surveillance of the Rocky Point Rail Yard. She taped "approximately 20 minutes of footage where people, kids and dogs cross the railroad tracks east to west to access either bike or walking path [sic] to get to the river." Dkt. 102-2 at 2.

## II. DISCUSSION

The defendant moves to exclude the videotape and any testimony relying upon its footage on the grounds that the footage is irrelevant to the plaintiffs' attractive nuisance theory. Dkt. 101 at 4. The defendant contends that the footage depicts people crossing railroad tracks at an area that is one half mile away from the location of the accident and is not relevant because it does not depict people playing on the tracks and does depict the actual location of the accident. *Id.* The plaintiff contends that the footage is relevant because it demonstrates that people failed to appreciate the dangers allegedly posed by the rail yard and that the entire rail yard should have been fenced to prevent trespassing. Dkt. 120 at 4.

The defendant also contends that "its probative value is far outweighed by the unfair prejudice and confusion caused by admitting it into evidence." Dkt. 101 at 4. The plaintiffs contend that the defendant has failed to demonstrate how the evidence is unfairly prejudicial, how that prejudice substantially outweighs the videotape's relevance, and in what way the jury would be confused by the videotape. Dkt. 120 at 5.

The court should deny this motion as premature. It is not yet clear exactly which issues will be ripe for decision at trial and whether the videotape would be relevant to those issues.

ORDER - 2

1 Moreover, it is unclear exactly what the footage shows as the parties have failed to provide the

2 court with a copy. The court should therefore deny the motion without prejudice.

### III. ORDER

Therefore, it is now

**ORDERED** that Defendant BNSF's First Motion in Limine (Dkt. 101) is **DENIED** without prejudice.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 26th day of October, 2005.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 3