UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENA PIPKIN, personally and as Personal Representative of the ESTATE OF JOSHUA HIGHTOWER; RICHARD HIGHTOWER,<br><br>Plaintiffs,<br><br>v.<br><br>THE BURLINGTON NORTHERN AND SANTA FE RAILROAD COMPANY, a foreign corporation; CREW SHUTTLE SERVICE, INC., a foreign corporation,<br><br>Defendants,<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Intervenor. | Case No.C04-5591RJB<br><br>ORDER DENYING PLAINTIFFS' MOTION TO EXCLUDE ALLEN [sic] TENCER'S OPINIONS WITHOUT PREJUDICE |

This matter comes before the court Plaintiffs' Motion to Exclude Union Pacific "Expert" Allen [sic] Tencer's Medical Causation Opinions (Dkt. 111). The court has reviewed all documents filed in support of and in opposition to this motion and has reviewed the file herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

According to the First Amended Complaint ("Complaint"), on September 4, 2003, eight year old Joshua Hightower died while playing with a friend at the Rocky Point Rail Yard. Dkt. 27, at 2-3. Rocky Point is owned and maintained by defendant BNSF. *Id.* Joshua was found by

ORDER - 1

his friend's mother, Angela Moore, after her son ran to her for help, telling her Joshua had been hit by a train. Dkt. 48-2, at 1.

Plaintiffs sued BNSF under an attractive nuisance theory, later adding Crew for failure to warn Joshua of the danger. Dkt. 27. BNSF removed this case to this court based on diversity jurisdiction. Dkt. 1. Union Pacific moved to intervene (Dkt. 47), and the motion was granted (Dkt. 53).

Intervenor Union Pacific seeks to present the testimony of Allan F. Tencer, an engineer with a Ph.D. in Mechanical Engineering. Dkt. 124 Exh. A. Dr. Tencer's report concludes that Joshua died of injuries caused by falling from a stationary pile driver work car onto a ballast rather than being struck by a Union Pacific train. Dkt. 124, Exh. B.

## II. DISCUSSION

The plaintiffs move to exclude Dr. Tencer's opinions on the grounds that he is incompetent to testify as to the cause of Joshua's injuries and that Dr. Tencer's methodology does not meet the tests articulated under Evidence Rule 702, *Daubert*, and *Frye*. Dkt. 111. The court should deny this motion as premature. It is not yet clear exactly which issues will be ripe for decision at trial and whether all, or some parts of, Dr. Tencer's testimony will be admissible. The issue raised in the plaintiffs' motion is an evidentiary one that should be resolved on a date closer to trial. In addition, the parties may request a pretrial *Daubert* hearing for any witness, if they so desire. The court, at this early juncture, has substantial doubts about whether any opinion witness has admissible testimony to offer about how the accident happened. Opinions about the mechanism of injury, force necessary to cause it, etc. are likely to be admissible if from qualified experts. They may well also be qualified to testify about whether certain forces would be consistent with the injuries. However, to take the next step and offer opinions that "he was hit by the train," or "he was not hit by the train; he fell" is highly questionable. Hopefully, the scope of such opinion testimony can be determined well in advance of trial. The court cannot clearly delineate the parameters of expert testimony piecemeal, at this point.

## III. ORDER

ORDER - 2

1     Therefore, it is now

2     **ORDERED** that Plaintiffs' Motion to Exclude Union Pacific "Expert" Allen [sic]

3 Tencer's Medical Causation Opinions (Dkt. 111) is **DENIED** without prejudice.

4     The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel

5 of record and to any party appearing *pro se* at said party's last known address.

6     DATED this 26th day of October, 2005.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 3